UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:11-CV-00202-KKC

FRANK SHAWN NEACE,                                             PLAINTIFF,

v.     **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                               DEFENDANT.

\* \* \* \* \* \* \* \*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff, Frank Shawn Neace [DE 10] and Defendant Michael J. Astrue, Commissioner of Social Security [DE 11]. For the reasons set forth below, the Court will deny the Plaintiff's motion and will grant the Defendant's motion.

**I.      FACTS AND PROCEDURAL HISTORY**

The Plaintiff is a male in his mid-thirties with a high school diploma. AR 22. He has past relevant work experience as a tobacco farm laborer, a highway flagger, an assembler, a quality inspector, a retail clerk, a mechanic, and a garage manager. AR 132. He alleges disability beginning from March 7, 2008 due to a combination of impairments including back problems and knee injuries that cause him significant pain as well as other health complications related to diabetes, the thyroid, high cholesterol, and his gall bladder. AR 142.

In March of 2008, the Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income. AR 97-101, 102-106. These claims were denied initially and upon reconsideration. AR 1-3. The Plaintiff then requested a hearing before an Administrative Law Judge. AR 92-94. The request was granted and the Plaintiff appeared and testified at a hearing on April 16, 2008. AR 77-87.

On August 13, 2009, Administrative Law Judge Roger L. Reynolds determined that the Plaintiff was not disabled as defined by the Social Security Act. AR 18.  The Plaintiff filed a request for review of the hearing decision by the Social Security Administration's Appeals Council, but the request was denied and the ALJ's decision stood as final. AR 1.  Because the Plaintiff has exhausted all of his administrative remedies, his claims are ripe for review by this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency's decision "absent a determination that the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  The Court cannot "review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 468 (6th Cir. 2006)(quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).  When the Commissioner adopts the

ALJ's opinion as its own, the Court reviews the ALJ's decision directly. *See Sharp v. Barnhart*, 152 F. App'x 503, 506 (6th Cir. 2005).

### B. Overview of the Process

Under the Social Security Act, disability is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment" with an expected duration requirement of at least one year. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 42 U.S.C. § 423(d)(1)(A)-(2)(A)(defining disability); 20 C.F.R. § 416.909 (defining the duration requirement). The disability determination is made by an ALJ using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by his impairment and that he is precluded from doing past relevant work for the first four steps of the process. *Jones*, 336 F.3d at 474. However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show that he is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(i); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1420(c). At the third step, the claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimant's impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. §

404.1545. Once the ALJ has determined the claimant's RFC, he must determine whether the claimant has the RFC to perform the requirements of his past relevant work. *See* 20 C.F.R. § 404.1520(f). At the fifth and final step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education, and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

### C. The ALJ's Decision

Here, the Plaintiff requested a review of the ALJ's decision by the Commissioner of Social Security, but the Commissioner denied review. AR 1. Therefore, the ALJ's decision will be reviewed directly. *See Sharp*, 152 F. App'x at 506. At step one of the sequential evaluation process, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since March 7, 2008, the alleged onset date. AR 10. At step two, the ALJ found that the Plaintiff had the following severe impairments: non-insulin dependent diabetes mellitus; low back pain secondary to degenerative disc disease of the lumbar spine; and right knee pain secondary to medial meniscus degeneration, status post anterior cruciate ligament repair. AR 10. However, at step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairment found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. AR 12.

> Prior to step four, the ALJ determined that the Plaintiff has the RFC to:
>
> perform light work . . . ; the claimant can lift/carry/push/pull 20 pounds occasionally,10 pounds frequently. The claimant can sit/stand/walk up to 6 hours each in a eight hour day; however, he requires a sit/stand option at 45-minute to 1-hour intervals. He cannot climb ropes, ladders, or scaffolds; kneel; crawl; or operate foot pedal controls with the right leg. The claimant is limited to occasional climbing of stairs and ramps.

AR 22-23.

The ALJ determined at step four that the Plaintiff was unable to perform any past relevant work. AR 16. At step five, however the ALJ determined that based on the Plaintiff's age (34), education (high school diploma), work experience, and RFC, the Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 17-18. Accordingly, the ALJ found that the Plaintiff was not disabled under sections 216(i) and 223(d) or under section 1614(a)(3)(A) of the Social Security Act. AR 18.

**D. Analysis**

The Plaintiff raises several arguments in his claim that the Commissioner's decision to adopt the ALJ's decision and deny benefits is not supported by substantial evidence. Namely, the Plaintiff contends that the ALJ erred by (1) rejecting the Plaintiff's subjective complaints for lack of credibility, (2) failing to properly weigh the opinion of his treating physician and re-contact the treating physician in light of a consulting specialist's opinion, (3) discounting the opinion of the Plaintiff's physical therapist, (4) failing to give controlling weight to Dr. Zulueta's residual functional capacity assessment and (5) failing to give appropriate weight to the Vocational Expert's response to a hypothetical question.

Before addressing each of these arguments in turn, the Court will acknowledge and respond to the Plaintiff's recounting of a number of medical exhibits prior to making his specific arguments. (Pl.'s Motion at 3-9). The Plaintiff states that he believes "the best way to prove his disability is to examine the record [e]xhibit by [e]xhibit." (Pl.'s Motion at 3). While this evidence is relevant, it falls short of proving his claim because the Plaintiff fails to demonstrate how this evidence shows the existence of a permanent disability or how the ALJ erred in making its determination. To reiterate, this Court is commanded not to reconsider the evidence, but merely to verify whether the ALJ has made a permissible decision under the applicable law and

has supported his findings with substantial evidence. Whether the ALJ was privy to evidence which could have led him to rule differently or whether this Court may see the evidence in a light more favorable to the defendant is of no import. Consequently, the Court cannot grant the Plaintiff's motion based on recounted evidence alone. The Court will now address the Plaintiff's specific arguments.

### 1) The Plaintiff's Subjective Complaints.

First, the Plaintiff argues in passing that the ALJ's decision to reject the subjective complaints of the Plaintiff was improper. (Pl.'s Motion at 11). The Plaintiff does not address this issue in his Motion for Summary Judgment. Thus, he has waived the issue. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation omitted). The Court will nonetheless address it.

The social security regulations guide the ALJ's evaluation of a Plaintiff's testimony regarding his pain symptoms. *See* 20 C.F.R. § 416.929. In the Sixth Circuit, "[i]t is for the Secretary, not a reviewing court, to make credibility findings. If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c) (listing factors an ALJ considers in determining the credibility of a claimant's statement about pain). Where the ALJ has the opportunity to observe the claimant in person, a court reviewing the ALJ's conclusion about the claimant's credibility should give great deference to that determination. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993). Nevertheless, an ALJ's assessment of a claimant's credibility must be

6

supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531-32 (6th Cir. 1997) (finding that an ALJ may consider the absence of medical evidence establishing the presence of disabling pain and evidence of a claimant's daily activities when deciding that a claimant's testimony is not credible). Also, when a claimant's testimony regarding pain is inconsistent with his testimony about his daily activities the court has held this to be substantial evidence in support of an adverse credibility finding. *See Warner*, 375 F.3d at 392.

In this case, the ALJ had the opportunity to observe the claimant in person, therefore, this Court will give great deference to his determination. *See Casey*, 987 F.2d at 1234. Moreover, the ALJ carefully reviewed the evidence available and acknowledged that the Plaintiff's impairments could reasonably be expected to cause the alleged symptoms. AR 13. Nevertheless, following the standard two-step pain analysis[1], the ALJ found that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were inconsistent with the residual functional capacity assessment and the Plaintiff's own testimony. AR 13-15. The objective medical evidence was devoid of support for the Plaintiff's subjective claims of permanently disabling pain and does not support his claims about the severity of his impairments. AR 13. Contrary to the Plaintiffs allegations that he is unable to sustain regular and continuing work, the ALJ found that while the Plaintiff has some work limitations, evidence in the record did not fully support his complaints and did not totally preclude him from

---

[1] The following is the two-step process for evaluating pain: "First, the ALJ will ask whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. § 416.929(a). Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. *Id.* Relevant factors for the ALJ to consider in his evaluation of symptoms include the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions. Id.; see also Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *2-3 (July 2, 1996) (Policy Interpretation ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements)." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

performing all work-related activities. AR 15. The Plaintiff testified that he tries to do things around the house, takes out the garbage, shops with his wife, and could lift up to twenty pounds. AR 15. The ALJ highlighted these inconsistencies in the Plaintiff's testimony to support his finding that the subjective complaints of the Plaintiff were not credible. AR 15. For these reasons, the ALJ gave no weight to the Plaintiff's subjective complaints.

The medical evidence in the record also supported the ALJ's finding that the Plaintiff is able to do more than he alleges. According to the doctors' records the Plaintiff reported to his treating physician and therapist that he had been lifting bags of concrete, a refrigerator, and a stove. AR 15. Additionally, on July 21, 2008, the Plaintiff told his therapist that he was doing "good" at home and could do everything he needed. AR 15. In 2009 the records show that the Plaintiff was standing on a bucket and painting, riding his four-wheeler, and moving lumber. AR 15. MRI results which were reported within a week of the alleged onset of the Plaintiff's disability revealed only mild degenerative changes in his lumbar spine. AR 15. Also, in March of 2008, an MRI of the Plaintiff's knee revealed only mild degeneration and no surgical procedures were recommended. AR 15.

As described, the ALJ provided multiple reasons for rejecting the Plaintiff's subjective testimony regarding the extent of the limiting effect of his impairments in accordance with the law. The ALJ pointed to the record to support his decision and the Court has verified that the ALJ has relied on substantial evidence to support his finding that the Plaintiff's subjective testimony cannot be considered credible. Accordingly, the ALJ's decision was proper.

### 2) Treating Physician's Opinion and Duty to Re-contact.

The Plaintiff argues next that "the ALJ improperly rejected the opinions of Dr. [Clemente] Zulueta contained in an[sic] Functional Capacity Exam dated May 7, 2009 that

8

would, according to the Vocational Expert Martin disable him from gainful work." Clemente Zulueta, M.D., was the Plaintiff's treating physician. AR 16 (identifying Dr. Zulueta as the Plaintiff's "family physician since January 2007" with a specialty in internal medicine). Although this Court is not required to formulate arguments on the Plaintiff's behalf, it seems that the Plaintiff is arguing that the ALJ failed to give appropriate weight to the opinions of the Plaintiff's physicians. This argument is not persuasive.

First, the disability determination is for the Commissioner to decide based on all the evidence including relevant medical opinions. 20 C.F.R. § 404.1527(b),(d). In general, an ALJ should give more weight to the opinions of treating physicians than other sources because

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). However, the Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle*, 998 F.2d at 347-48 (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990)). In other words, "the Secretary may reject a treating physician's opinion if good reasons are identified for not accepting it." *Id.*

Alternatively, the opinion of a consulting physician is not entitled to the deference due the opinion of a treating physician. *See, e.g., Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Also, an ALJ may reject a consulting physician's opinion based on substantial evidence in the record. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 390-91 (6th Cir. 1999) (finding that

9

substantial evidence supported an ALJ's rejection of a consulting psychologist's opinion). According to 20 C.F.R. § 404.1527(c)(5) and § 416.927(d)(5), the Social Security Administration will "generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." Also, the report of a specialist may be accorded more weight where opinions appear inconsistent. *See Combs v. Comm'r*, 459 F. 3d 640, 653 (2006)(en banc)(holding that treating physicians' opinions may be rejected where opinion is not sufficiently supported by medical findings); *Bogle*, 998 F. 2d at 347-48 (holding that the Secretary is not required to give great weight to a treating physician's opinion if it is not supported by sufficient clinical findings or is inconsistent with other evidence and that such opinions can be rejected if good reasons for doing so are specified).

Here, the ALJ's determination pointed to reports more recent than Dr. Zulueta's referenced exam indicating the Plaintiff's range of motion had increased along all planes even though his pain continued to increase. AR 14, 364. Medical reports were devoid of evidence establishing that the Plaintiff's impairments imposed significant limitations that would preclude him from all work activities for at least a year. AR 14. The ALJ did consider Dr. Zulueta's exam dated May 7, 2009 and explained why he granted little weight to this assessment. AR 16. Dr. Sharma specialized in orthopedics, while Dr. Zulueta was the Plaintiff's primary care physician who referred the Plaintiff to Dr. Sharma for consultation and assessment. The ALJ noted that while Dr. Zulueta's assessment severely limited the Plaintiff's activities, Dr. Sharma's assessment did not limit the claimant's activities. AR 16. This inconsistent finding was untenable because Dr. Zulueta based his opinion solely on Dr. Sharma's report. AR 16. Furthermore, upon full review of Dr. Zulueta's treatment notes the ALJ found "no indication . . .

that the [Plaintiff] was precluded from performing any work related activities." AR 16.  Thus, the ALJ has provided good reasons for his decision to reject Dr. Zulueta's opinion and has properly supported his determination.

The Plaintiff also claims that "it was the ALJ's duty and error when he failed to re-contact this treating physician to clarify any 'incomplete'" findings under 20 C.F.R. § 404.1512(e)(1) and SSR 96-2p. (Pl.'s Motion at 12).  This claim is without merit because the Plaintiff has misconstrued 20 C.F.R. § 404.1512(e)(1) which does not apply here.  Alternatively, because the ALJ found that Dr. Zulueta's opinion in this instance was not well-supported and was inconsistent, the ALJ's decision was in compliance with SSR 96-2p. *See* 1996 WL 374188, at *1 ("controlling weight may not be given to the opinion unless it also is 'not inconsistent' with the other substantial evidence in the case record.").

The Sixth Circuit has described a two-part test under Social Security Ruling 96–5p to help determine whether the ALJ has a duty to re-contact the treating physician.  This test parallels the requirements in § 404.1512(e).  To summarize, the evidence in the record must not support the treating physician's opinion and the ALJ must be unable to ascertain the basis of the opinion from the evidence in the record. *Ferguson v. Comm'r*, 628 F.3d 269, 273 (6th Cir.2010). In *Ferguson*, the second prong of the test was not met because the ALJ explained that the applicable physician's opinion was based on self-reported history and subjective complaints, not on objective medical evidence. *Id.*  There, like in the case before us, the ALJ rejected the treating physician's opinion not because the basis for the opinion was unclear, but because the basis was not supported by objective medical evidence. *Id.*

If the ALJ had determined that the medical evidence provided was insufficient to determine the basis of the treating physician's opinion, then further consultative examinations

may have been required. *See* 20 C.F.R. § 404.1517. In this case, the ALJ had sufficient evidence to determine that the Plaintiff was not disabled. The ALJ's determination was appropriately made, in part, based on the inconsistent findings of relevant medical opinions as previously described. The ALJ did not find the evidence lacking or unclear, but simply unpersuasive. Therefore, no error was made by not re-contacting Dr. Zulueta.

### 3) The Opinion of the Plaintiff's Physical Therapist.

The Plaintiff also argues that the opinion of Mr. Joe Henson's opinion, the Plaintiff's physical therapist, should not have been dismissed. Mr. Henson opined that the Plaintiff was unable to work and had a poor prognosis for returning to any physically demanding job. AR 16, 215. Nevertheless, the Court finds that the ALJ properly discounted Mr. Henson's report.

Medical evidence of a claimant's impairment from an acceptable medical source constitutes substantial evidence of disability. 20 C.F.R. § 1513(a) (2004). Physical therapists are not included in the list of "acceptable medical sources." *Id.* The ALJ may also use evidence from "other sources" to demonstrate the severity of the claimant's impairment(s) and how it affects the claimant's ability to work. 20 C.F.R. § 404.1513(d)(1). "Other sources" include nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists. *Id.* As district courts within the Sixth Circuit have recognized, licensed professionals who are not "acceptable medical sources" as defined by 20 C.F.R. §§ 404.1513(a) and 416.913(a), are not entitled to any controlling weight. *See e.g., Cruse v. Comm'r*, 502 F. 3d 532, 541 (2007) (explaining review of opinions of unacceptable medical sources must be considered but can be rejected if the reasons for rejection are explained in compliance with SSR 06-3p); *Walters v. Comm'r Soc. Sec.*, 127 F. 3d 525, 530-31 (6th Cir. 1997) (holding that a chiropractor is not an

acceptable medical source and the opinion of a treating chiropractor is not due the same degree of weight given to that of the treating physician).

Contrary to the characterization of the Plaintiff, the ALJ did not ignore Mr. Henson's opinion: The ALJ properly considered it and then discounted it because 1) Mr. Henson is not an acceptable medical source and, therefore, his opinion may be afforded less weight, 2) his opinion was inconsistent with the Plaintiff's testimony with regard to his daily activities and 3) Mr. Henson's opinion was not supported by objective medical findings. AR 16.  Finally, Mr. Henson's opinion that the Plaintiff is unable to work is a determination reserved to the Commissioner and, therefore, not entitled to any special significance. 20 C.F.R. §§ 404.1527(e), 416.927(e).  Accordingly, the Court finds that the ALJ's decision to reject the opinion of Mr. Henson was supported by substantial evidence and made in accordance with the law.

    **4)  The Treating Physician's RFC Assessment.**

The Plaintiff claims that the Residual Functional Capacity assessment completed by the Plaintiff's treating physician, Dr. Zulueta, "should have been entitled to complete deference." (Pl.'s Motion at 13).  This is clearly an erroneous interpretation of the law.  The determination of the RFC for disability status is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e), 404.1545, 416.925, 404.1546(c), 416.946(c).  Treating physicians' opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance, but the Commissioner must not ignore the opinions and must explain consideration given to them. *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2008) (citing SSR96-5: Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 61 Fed. Reg. at 34471-01). Thus the ALJ is not bound by a physician's opinion because the Commissioner is vested with the authority to determine the Plaintiff's RFC based on

13

the evidence relevant to the claim, including medical opinions. 20 C.F.R §§ 404.1527(e), 416.927(e), 404.1545, 416.925, 404.1546(c), 416.946(c); *see Warner v Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004).

While Dr. Zulueta's opinion about the Plaintiff's RFC may provide relevant evidence, the determination of the RFC for disability status is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e), 404.1545, 416.925, 404.1546(c), 416.946(c). Here, evidence that the ALJ considered Dr. Zulueta's opinion is clear. The ALJ incorporated the 20 pound limitation on occasional lifting and was even more conservative than Dr. Zulueta recommended by limiting the weight of any frequent lifting by the Plaintiff to 10 pounds—Dr. Zulueta indicated that frequent lifting should be limited to 20 pounds. AR 12, 305. In light of the entire record, the Court finds that the ALJ, in making the RFC determination, considered Dr. Zulueta's opinion, discounted parts of it due to inconsistencies and lack of adequate support in the medical evidence as previously mentioned, and properly came to a decision supported by substantial evidence. The ALJ and this Court are not required to give any more deference to Dr. Zulueta's opinions about the Plaintiff's residual functional capacity beyond this due consideration.

**5) The Vocational Expert's Testimony.**

The Plaintiff argues that the Vocational Expert's testimony in response to a hypothetical question which incorporated Dr. Zulueta's opinion of the Plaintiff's working limitations should control this Court's finding. (Pl.'s Motion at 13).

In the Sixth Circuit, a hypothetical question posed to a vocational expert is proper "'if the question accurately portrays plaintiff's individual physical and mental impairments.'" *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3rd Cir. 1984)). Thus, "[a] vocational expert's testimony concerning

the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments." *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) (*Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)). However, the hypothetical question does not have to include any limitations that the ALJ has found to be unsupported by the evidence. *See Infantado v. Astrue*, 263 F. App'x 469, 476-77 (6th Cir. 2008); *Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001). Similarly, a hypothetical question posed to a vocational expert need not include consideration of a claimant's subjective complaints if the Administrative Law Judge finds, based upon substantial evidence, that those complaints are not credible. *Cline v Shalala*, 96 F .3d 146, 150 (1996). Where substantial evidence supports an ALJ's finding that a claimant has the residual functional capacity to perform a significant number of jobs identified by a vocational expert, it is irrelevant that the vocational expert also testified that the claimant could not perform other jobs based upon a hypothetical questions assuming a more severely restricted RFC. *Maziarz v. Secretary of H.H.S.*, 837 F. 2d 240, 246-47 (1987).

In this case, the ALJ was under no duty to rely on the vocational expert's response to a hypothetical which incorporated Dr. Zulueta's opinion of the Plaintiff's working limitations. Any reliance on the VE's response would have been improper because the ALJ found that the Plaintiff's subjective complaints were not credible. AR 15. The findings of Dr. Zulueta that limited the Plaintiff to alternating every fifteen minutes between sitting and standing were made in reliance on those subjective complaints and, furthermore, not supported by substantial medical evidence. AR 14-16. The proper question posed to the Vocational Expert incorporated the RFC as it was lawfully determined by the ALJ. When the ALJ asked the vocational expert a hypothetical question which included functional limitations consistent with the Plaintiff's RFC,

15

the vocational expert testified that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. AR 17-18. Accordingly, the Court finds that the Plaintiff's argument regarding the vocational expert's testimony is misplaced.

### III.  CONCLUSION

For the reasons set forth above, the Court holds that the Commissioner's decision denying the Plaintiff's claim for benefits is supported by substantial evidence in the record. Accordingly, it is **HEREBY ORDERED** as follows:

(1) The Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED**;

(2) The Commissioner's Motion for Summary Judgment [DE 11] is **GRANTED**; and

(3) A Judgment shall enter concurrently with this Memorandum Opinion and Order.

Dated this 25th day of September, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge